# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

## CASE NUMBER: 3:21-AV-99999

| | |
|---|---|
| Barbara Powell,<br><br>                                   Plaintiff,<br>v.<br><br>MUSC Florence and Otis Elevator Company,<br><br>                                   Defendant. | **NOTICE OF REMOVAL** |

Defendant Otis Elevator Company ("Otis"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, gives notice that this cause is hereby removed from the Court of Common Pleas in the Twelfth Judicial Circuit of Florence County, South Carolina, where it is currently pending, to the United States District Court for the District of South Carolina, Florence Division.

As grounds for its notice of removal, Otis states as follows:

## I.    BACKGROUND

1. The lawsuit was commenced by the filings of the Summons and Complaint by Plaintiff Barbara Powell ("Plaintiff") on August 24, 2021, in the Court of Common Pleas in the Twelfth Judicial Circuit of Florence County, South Carolina, case number 2021-CP-21-01852. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Otis are attached as **Exhibit A** and a copy of the Court of Common Pleas in the Twelfth Judicial Circuit of Florence County, South Carolina's entire file is attached as **Exhibit B**.

2. In her Complaint, Plaintiff named both Otis and MUSC Florence ("MUSC") as Defendants.

3. MUSC is incorporated in South Carolina and as a result, is considered to be a citizen of South Carolina in this matter.

4. Plaintiff amended her Complaint on September 23, 2021.

5. In the Amended Complaint, Plaintiff alleges that on August 21, 2019, she encountered a mis leveled elevator on premises of MUSC, which caused her to trip and fall. Am. Compl. at ¶¶ 5-6. As a result of this incident, Plaintiff alleges claims of negligence and gross negligence against Otis and seeks actual, consequential, and punitive damages. *Id.* at ¶¶ 14-17.

6. On October 1, 2021, MUSC filed a Motion to Dismiss, claiming that Plaintiff's claims against MUSC were barred by the applicable statute of limitations as prescribed by Section 15-78-110 of the South Carolina Code of Laws. *See* MUSC's Mot. to Dismiss, attached hereto as **Exhibit C**.

7. On November 3, 2021, the Court granted MUSC's Motion to Dismiss and on November 4, 2021, the Court dismissed MUSC from this action. *See* Form 4 Order, attached hereto as **Exhibit D.** As a result of MUSC's dismissal, Otis is the sole remaining defendant in this action.

II. **STATUTORY BASIS FOR REMOVAL**

8. This Court has original jurisdiction over this matter now because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332, § 1441(a).

9. This action became removable on November 4, 2021, upon the entry of an Order dismissing MUSC from this action and creating complete diversity between Plaintiff and the only remaining defendant, Otis. 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of

2

an…order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

A.    The Parties are Completely Diverse

10. Plaintiff claims to be a "citizen and resident of the County of Florence, State of South Carolina." Am. Compl. at ¶ 1. Therefore, for diversity purposes, she is deemed a citizen of South Carolina.

11. Defendant Otis is a New Jersey corporation with its principal place of business in Connecticut. Therefore, for diversity purposes, Otis is deemed a citizen of both New Jersey and Connecticut. 28 U.S.C. § 1332(c)(1).

12. All non-diverse defendants have been dismissed from this action.

13. Therefore, because Plaintiff and Otis are citizens of different states and no other named defendant is a citizen of South Carolina, there is complete diversity between Plaintiff and Otis. 28 U.S.C. § 1332(a)(1), 1441(b).

B.    The Amount in Controversy Requirement is Satisfied.

14. This case is properly removable under 28 U.S.C. § 1332 and § 1441 because the amount in controversy requirement is met.

15. Plaintiff's Complaint does not include a specific demand for damages. However, upon a fair and full reading of the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff contends that as a result of her slip and fall, she is entitled to damages for "disability, past and future; pain and suffering, past and future; stress, anguish, and anxiety; past and future; medical costs, past and future;" and punitive damages. Am. Compl. at ¶ 17; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014); *see also Ellenburg v. Spartan Motors Chassis, Inc.*,

519 F.3d 192, 200 (4th Cir. 2008) ("[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that '[t]he matter in controversy exceeds, exclusive of interest and costs,' so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner.")

16. Based on breadth of damages Plaintiff alleges, it is reasonable that she intends the amount in controversy to exceed $75,000.

17. Indeed, Plaintiff confirmed as much when, on November 9, 2021, Otis' counsel called Plaintiff's counsel and asked if Plaintiff would stipulate that Plaintiff is not seeking damages in excess of $75,000 in this action. Plaintiff's counsel stated that Plaintiff would not agree to enter into such a stipulation thereby confirming that Plaintiff is seeking in excess of $75,000.

18. Thus, based on the foregoing, the amount in controversy at the time of removal clearly exceed $75,000.

### III.    PROCEDURAL REQUIREMENTS

19. Otis files this removal within 30 days of this action becoming removable. 28 U.S.C. § 1446(b)(3). The action became removable on November 4, 2021, when MUSC was dismissed from this action by court order and complete diversity was established. 28 U.S.C. § 1446(b)(3). Similarly, because this action was filed in August of 2021, Otis files this removal within one year of the commencement of the action. 28 U.S.C. § 1446(c)(1).

20. This notice of removal is on behalf of Otis, the only remaining defendant named in this action. Accordingly, this notice of removal complies with 28 U.S.C. § 1446(b)(2)(A) because the consent of others is not required.

21. Pursuant to 28 U.S.C. § 1446(a), venue is proper because the United States District Court for the District of South Carolina, Florence Division, encompasses the geographic area of the Court of Common Pleas in the Twelfth Judicial Circuit of Florence County, South Carolina, where the removed action is pending.

22. Written notice of the filing of this Notice of Removal is being provided promptly to Plaintiff by service thereof. A copy of this Notice of Removal is being promptly filed with the Court of Common Pleas in the Twelfth Judicial Circuit of Florence County, South Carolina, as required by 28 U.S.C. § 1446(d).

## IV.     RESERVATIONS AND REQUESTS FOR ORAL ARGUMENT

23. By filing this Notice of Removal, Otis does not waive its right to assert any defenses or objections to which it is entitled, including but not limited to any challenge to personal jurisdiction or the right to have the case dismissed on any other basis.

24. If any question arises as to the propriety of the removal of this action, Otis requests the opportunity to brief the issues, to present oral argument in support of its position, and to obtain jurisdictional discovery, if needed.

*{Signature page following}*

Respectfully submitted,

**MURPHY & GRANTLAND, P.A.**

*s/ Everett A. Kendall, II*
Everett A. Kendall, II, Fed. ID No. 06762
Murphy & Grantland, P.A.
Post Office Box 6648
Columbia, SC  29260
(803) 782-4100
***Attorneys for Otis Elevator Company***

Columbia, South Carolina
December 2, 2021

6